UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARIA SONIA CORTEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV 08-07974-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

    Plaintiff raises the following issue:

    1.   Whether the Administrative Law Judge ("ALJ") failed to

```
                provide clear and convincing reasons to reject Plaintiff's
                subjective testimony. (JS at 3.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**THE ALJ PROVIDED INSUFFICIENT AND UNSUBSTANTIAL REASONS**

**TO DEPRECIATE PLAINTIFF'S CREDIBILITY**

Plaintiff asserts the ALJ failed to provide clear and convincing reasons to reject her subjective pain testimony.

**A.  Analysis of the Record**.

In a Pain Questionnaire dated September 29, 2005 (AR 110-112), Plaintiff asserted that she has pain in her low back, and from her right hip to her knee. It occurs when she is standing up, bending, or doing any movement. After resting for one to two hours, the pain dissipates. She takes numerous medications for her pain every day, and has been doing so for four to five years. The medication can relieve the pain in approximately one hour; however, it causes dizziness, drowsiness, and nausea. The pain first affected her activities in October 2004. Since then, her daily activities have diminished. She needs assistance with daily chores, can walk one or two blocks at a time, can stand 15 to 25 minutes at a time, and can sit one to two hours at a time. (Id.)

The numerous medications which Plaintiff takes for her pain are

documented in the Kaiser Permanente records. (AR 408.)  These include the narcotic pain reliever Oxycodone three times a day; the prescription pain reliever Tramodol four times a day; a once-weekly injection of Methotrexate for arthritis; regular office visits for infusions of Remicade; and Prednisone, a steroid, three times a day. (Id.)

At her hearing before the ALJ, Plaintiff provided detailed answers to questions concerning the nature and extent of her pain. (AR 52-55.)  Her medical records document continued severe pain in her left knee and lower back, after she received hip surgery. (AR 280, 288.)

Plaintiff testified that her medications make her nauseated, dizzy, confused and sleepy. (AR 62.)  She also informed her doctors about medication side effects of sleepiness (AR 262), nausea, and dizziness (AR 290).

There is no evidence in the record, and no finding was made that Plaintiff is a malingerer.

In the decision, the ALJ depreciated Plaintiff credibility in the following discussion:

> "After considering the evidence of record, I find that the [Plaintiff's] medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.  Her complaints of pain throughout her body are not very specific.  Furthermore, the objective evidence shows that the results of her right hip operation were very positive.  Her statement that she requires

>       crutches (exhibit citations omitted) or a cane
>       ([Plaintiff's] testimony) is not supported by Dr. Altman's
>       report (exhibit citations omitted). Thus, the [Plaintiff's]
>       allegations of debilitating pain are not entirely credible."

(AR 23.)

Thus, in sum, the ALJ cited the following factors in depreciating Plaintiff's excess pain complaints:

1. Plaintiff's subjective allegations were contrasted with an asserted lack of objective evidence;
2. Plaintiff's statement that she used a cane for ambulation was not supported by the objective medical evidence;
3. Plaintiff admitted to her doctors that her pain had diminished;
4. Medical source opinions agreed that Plaintiff could stand/walk for at least four hours and perform at least sedentary work.

(AR 23; see JS at 10.)

**B.  Applicable Law.**

Subjective complaints of pain or other symptomology in excess of what an impairment would normally be expected to produce are subject to the credibility assessment of an ALJ. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001). An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). When determining credibility, the ALJ "may not reject a claimant's subjective complaints based solely on a lack

of objective medical evidence to fully corroborate the alleged severity." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); see also, Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001). In order to find that a claimant's subjective complaints are not credible, an ALJ "must specifically make findings that support this conclusion," Bunnell, 947 F.2d at 345, and provide "clear and convincing reasons." Rollins, 261 F.3d at 857; see also Varney v. Secretary of Health & Human Services, 846 F.2d 581, 584 (9th Cir. 1988) (requiring the ALJ to put forward "specific reasons" for discrediting a claimant's subjective complaints).

The absence of objective evidence to corroborate a claimant's subjective complaints, however, does not by itself constitute a valid reason for rejecting her testimony. Tonapetyan v. Halter, 242 F.3d at 1147. However, weak objective support can undermine a claimant's subjective testimony of excess symptomology. See e.g., Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

Implementing regulations prescribe factors which should be considered in determining credibility as to self-reported pain and other symptoms. In 20 C.F.R. §404.1529(c)(3), the factors to be considered are specified to include a claimant's daily activities ("ADL"); the location, duration, frequency and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medication taken; treatment received; and measures taken to relieve pain.

The regulations also specify that consideration should be given to inconsistencies or contradictions between a claimant's statements and the objective evidence:

"We will consider your statements about the intensity,

5

1 persistence, and limiting effects of your symptoms, and we
2 will evaluate your statements in relation to the objective
3 medical evidence and other evidence, in reaching a
4 conclusion as to whether you are disabled. We will consider
5 whether there are any inconsistencies in the evidence and
6 the extent to which there are any conflicts between your
7 statements and the rest of the evidence, including your
8 history, the signs and laboratory findings, and statements
9 by your treating or nontreating source or other persons
10 about how your symptoms affect you."
11 (20 C.F.R. §404.1529(c)(4).)

**C.  Analysis**.

The factors relied upon by the ALJ, either alone or in conjunction with each other, do not amount to substantial evidence to depreciate Plaintiff's credibility as to her pain symptoms.

The ALJ first determined that the objective medical findings "generally do not substantiate the extent of the [Plaintiff's] allegations." (AR 24.) Thereafter, in the decision, the ALJ summarized various medical evidence; however, this evidence largely goes to Plaintiff's pain in her right hip which, she concedes, was ameliorated through the later surgery. What the ALJ failed to adequately discuss are medical records evidencing that Plaintiff suffered severe pain in her left knee and lower back which continued after the hip surgery. (See, e.g., AR at 280, 288.)

Depreciating Plaintiff's credibility because of her assertion that she requires the use of crutches or a cane (AR 23) does not correctly summarize the record. Plaintiff indicated that she used

6

1   crutches in 2005, before her total hip replacement. (AR 296.)  Her
2   testimony was that she "sometimes" has to use a cane (AR 56), but this
3   is not equivalent to a statement that she requires use of a cane to
4   ambulate.

5   Concerning side effects of medication, while there is substantial
6   evidence in the record, both from Plaintiff's statements that she made
7   in the administrative proceedings, to complaints she made to her
8   doctors, that she has serious side effects from medications, these
9   were simply ignored in the credibility analysis.  Yet, an analysis of
10  medication side effects is required both by the Commissioner's own
11  regulations and by controlling Ninth Circuit law. (See 20 C.F.R.
12  §§404.1529(c)(3), 416.929(c) (2008); Bunnell v. Sullivan, 947 F.2d
13  341, 345 (9th Cir. 1991)(en banc).)

14  Somewhat puzzling is the Commissioner's argument that because
15  there is no evidence in Plaintiff's medical history of any respiratory
16  impairment, and Plaintiff made a connection at the hearing between her
17  pain and what she termed breathing problems (AR 55), there is
18  insufficient evidence of objective medical evidence to substantiate
19  any pain finding at all.  The Commissioner therefore argues that
20  Plaintiff fails to meet the first prong of the credibility assessment
21  test set forth in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986). (See
22  JS at 9.)  Unfortunately, while the Commissioner has the obligation to
23  defend the ALJ's decision, he appears to be asserting that the
24  decision itself was incorrect.  The Court notes that the ALJ found
25  that Plaintiff had met the first prong of the Cotton test. (AR at 23:
26  "I find that the [Plaintiff's] medically determinable impairments
27  could reasonably be expected to produce the alleged symptoms, but that
28  the [Plaintiff's] statements concerning the intensity, persistence and

limiting effects of these symptoms are not entirely credible.")

For the reasons stated, the ALJ's credibility assessment fails to satisfy the well-established standards set forth in applicable regulations and law. The reasons enumerated in the decision do not constitute clear and convincing evidence to rebut or depreciate Plaintiff's assertions of her own subjective pain. Consequently, the matter will be remanded for new hearing consistent with this Memorandum Opinion. Plaintiff's pain complaints will be accorded full credibility. (See, Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007).)

**IT IS SO ORDERED**.

DATED: September 3, 2009            /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE